# Heston v. Canal Commissioners.

[JANUARY 16, 1850.]

An injunction will not be granted against public officers acting under the authority of the state, to restrain them from taking private property for a public improvement, until suitable compensation shall be made, where a mode is provided by law for the assessment of the damages sustained.

IN EQUITY. Motion for an interlocutory injunction.

*G. B. Browne*, for complainant.
*W. B. Reed* and *E. K. Price*, for respondents.

The opinion of the court was delivered by

COULTER, J.—The bill sets forth that Morris Longstreth, Israel Painter, and James Powers, canal commissioners, entered upon forty acres of land belonging to the complainant, situate in the county of Philadelphia, which he occupied and used for gardening purposes, and by themselves and their agents, without authority of law, took a large portion thereof for public use, without having paid the complainant for the said land so taken for public use. The land so taken for public use, it is admitted, was used by the said commissioners for the purpose of constructing the railway round the inclined plane, west of the river

Schuylkill. This is a great public work, in which all the citizens of the commonwealth are interested, inasmuch as it will increase the travelling upon, and consequently the revenue derived from the improvements in which the state is interested. It is moreover of great public importance to the agricultural and commercial interests of the state. The bill prays this court to grant an injunction, by which the said canal commissioners shall be enjoined from proceeding in this work, until suitable compensation shall be made to the complainant; that is, in fact, to grant an injunction against the state, by whose authority this work is progressing. Public policy requires that this work should be speedily completed. Granting an injunction is a matter of discretion with the court, and I think it would be an exceedingly ill-judged exercise of power to grant it in this instance. It is very true, that the state cannot take the lands of an individual for public use, without providing compensation. But the mode and manner of making that compensation, and of ascertaining its amount, is a legislative and not a judicial power. Since the commencement of the commonwealth, when, by authority of the state, roads have been made through the lands of individuals, the legislature has authorized the several county courts to appoint viewers to assess the amount of damages, if any. And now, by the authority of the statute, these viewers are directed to take into consideration the benefit which will accrue to the owner of the lands by reason of the improvement. The constitutionality of these acts has never been questioned by any judicial decision. Indeed, neither this court nor any other court has power to point out and direct the manner in which compensation shall be made; and it has been adjudged, that the party complaining is not entitled to a trial by jury, but that any other mode directed by statute is a compliance with the constitutional injunction. The state has provided a mode for making compensation to the individual in this case. The fifth sec-

[Heston v. Canal Commissioners.]

tion of the act of 6th April, 1830, provides a mode of assessing damages done to individuals by the Pennsylvania canal or rail-way. This improvement is not, and could not be named in that act. But it would seem that the two acts ought to be construed together, being *in pari materiâ*, and in relation to improvements made by the state, and under the direction and control of the canal commissioners. By that act, taken in connexion with the act of 2d July, 1842, § 3, the damages are to be assessed by the canal commissioners in case of injury to private property. And these functionaries have acted in the present improvement on the basis of these two acts; for, by their report, it appears, that they assessed the damages occasioned by the whole improvement at $27,000, a sum which is more than covered by the appropriation made by the legislature, including the cost of completing the work. But if the legislature should be of opinion that the acts of assembly I have indicated do not fully cover the complainant's case, as his counsel seems to doubt, and if the representations made here as to the magnitude of the injustice which will be done to the individual complainant are properly sustained before that body, they may perhaps grant him relief. It is not the interest, and certainly not the duty or inclination of the state, to injure an individual by taking his private property for public use without suitable compensation. I cannot grant the injunction; the bill is therefore dismissed.*

* Where private property is taken for public use, it is not necessary that the compensation to the owner required by the constitution should be actually ascertained and paid before the property is appropriated, but it is sufficient if an adequate remedy is provided by which he can obtain compensation without any unreasonable delay. *Pittsburgh* v. *Scott,* 1 Barr 309. An act which authorizes the taking of private property for public use, is not void merely because it contains no provision for compensation; if compensation is actually made in any way, or if the legislature shall, by a subsequent law, direct it to be done, the law may be valid. But until such provision be made, and the compensation secured, an injunction will be granted to restrain the company from entering under the law. *Bonaparte* v. *The Camden and Amboy Rail-Road Co.* 1 Bald. 205.